UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jeramy Davis, | Civ. No. 24-4174 (JWB/DTS) |
| Petitioner, | |
| v. | **ORDER ACCEPTING REPORT AND RECCOMENDATION OF MAGISTRATE JUDGE** |
| Warden, FCI Sandstone, | |
| Respondent. | |

---

Trevor Parks, Esq., National Association of Criminal Defense Lawyers, First Step Act Resource Center, counsel for Petitioner.

Ana H Voss, Esq., United States Attorney's Office, counsel for Respondent.

---

On November 12, 2024, Petitioner Jeramy Davis filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Davis challenges the Bureau of Prison's ("BOP") determination that he does not qualify for First Step Act ("FSA") time credits under its interpretation of 18 U.S.C. § 3632(d)(4)(D). (*See* Doc. No. 3.) Davis is serving two consecutive sentences, one of which expressly excludes him from eligibility for earning time credits. (*Id.* at 2.)

United States Magistrate David T. Schultz issued a Report and Recommendation ("R&R") on May 20, 2025, recommending the Petition be denied. (Doc. No. 24.) Davis timely objected to the R&R (Doc. No. 28, Obj.), and the Government responded to Davis's Objection. (Doc. No. 30).

## DISCUSSION

**I.   Standard of Review**

District courts review the portions of a magistrate judge's R&R to which a party objects de novo. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A district judge may accept, reject, or modify all or part of the findings or recommendations. *See id.*

Any aspect of an R&R to which no objection is made is reviewed for clear error. *Grinder v. Gammon,* 73 F.3d 793, 795 (8th Cir. 1996). Objections that "merely repeat arguments" already considered by the magistrate judge are also reviewed for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

**II.   Analysis**

The R&R considers two statutes: (1) 18 U.S.C. § 3584(c), which establishes that consecutive or concurrent terms of imprisonment "shall be treated for administrative purposes as a single, aggregate term of imprisonment" and (2) 18 U.S.C. § 3632(d)(4)(D), which determines that prisoners who are "serving a sentence for a conviction" under certain enumerated provisions of law are ineligible to earn Federal Time Credits ("FTCs") under the First Step Act. Ultimately, it finds prior Eighth Circuit opinion "clear" in approving the treatment of "consecutive prison terms as a single aggregated sentence for the purpose of determining eligibility for FTCs" and the denial of FTCs "when one of the underlying sentences is for an ineligible conviction." (R&R at 5–6.)

Davis objects to the R&R because it defers to what Davis calls "underdeveloped and unpersuasive" caselaw in the Eighth Circuit and non-binding out-of-circuit case law

rather than engage with the statutory interpretation issue. He does not object to the R&R's recommendation regarding his Second Amendment and Ex Post Facto arguments.

For the reasons stated below, Davis's objections are overruled, the R&R is accepted, and the Petition is denied.

A. **Reliance on Caselaw**

First, Davis asserts that the R&R improperly relied on unpublished Eighth Circuit opinion at the expense of using tools of statutory interpretation to determine the best reading of § 3632(d)(4)(D). According to Davis, his interpretation—which is based on the plain language of the statute, the statute's placement and context in the FSA, and the FSA's purpose—§ 3632(d)(4)(D) is best read as preventing prisoners from earning First Step Act time credits *only* while they are serving the specific sentence that corresponds to the disqualifying conviction. (Obj. at 4.)

Davis's discussion of the correct interpretation of 18 U.S.C. § 3632(d)(4)(D) repeats arguments already thoroughly presented to and considered by the Magistrate Judge. (*See* Doc. No. 22 at 3–13; Doc. No. 28, Obj. at 2–6.) Thus, upon consideration, this Court determines there was no clear error in the decision to forgo a full statutory analysis in the R&R. Magistrate Judge Schultz reviewed Davis's "many well-reasoned arguments supporting his interpretation" but was ultimately persuaded by the Eighth Circuit's consistent treatment of similar matters. (R&R at 5–6.)

B. **Statutory Interpretation**

Even so, a review of the statutory text itself leads to the same conclusion as the R&R. Under *Loper Bright Enterprises v. Raimondo*, when a statute is ambiguous and an

3

agency has offered its interpretation, courts must exercise independent judgment and use traditional tools of statutory construction to determine the statute's best reading, rather than defer to the agency's view. 603 U.S. 369, 412–13 (2024). Applying that approach here, the BOP's interpretation of §§ 3584(c) and 3632(d)(4)(D) is the most coherent reading of the statutory scheme.

Section 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Congress enacted that directive well before the First Step Act and has never limited the phrase "administrative purposes."

The aggregation requirement governs how the BOP must manage custody, time credits, and sentence computations. Eligibility for FSA time credits—an administrative determination that affects sentence computation— falls within that scope. *See Clinkenbeard v. King*, Civ. No. 23-3151 (JRT/LIB), 2024 WL 4355157, at *6 (D. Minn. June 20, 2024), report and recommendation adopted, 2024 WL 4355063 (D. Minn. Sept. 30, 2024) ("Courts have consistently held that . . . the BOP's overall calculation of a prisoner's sentence, and the BOP's implementation of the FSA are administrative functions of the BOP subject to § 3584(c)"). The Second Circuit has read § 3584(c) the same way, concluding that aggregation "for administrative purposes" necessarily encompasses the BOP's determination of time credit eligibility. *Giovinco v. Pullen*, 118 F.4th 527, 531–32 (2d Cir. 2024).

Section 3632(d)(4)(D) makes "a prisoner . . . ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction" that is under one of 68 disqualifying

4

statutes. 18 U.S.C. § 3632(d)(4)(D). The text of the statute focuses on the *prisoner*, not on each discrete sentence, and uses the present tense—"is serving"—to describe an ongoing custodial status rather than a series of individual segments. Read in light of § 3584(c)'s aggregation rule, the phrase "serving a sentence" refers to the prisoner's single, combined term of imprisonment. Nothing in the statute suggests that Congress intended the BOP to disaggregate sentences when applying time-credit eligibility on a count-by-count basis.

That reading also best fits the statutory structure. Congress knew how to tie eligibility to individual counts when it wished to do so. In the Second Chance Act, for example, Congress defined "eligible elderly offender" as a person "serving a term of imprisonment . . . based on conviction for an offense or offenses that do not include any crime of violence . . ." 34 U.S.C. § 60541(g)(5)(A)(ii). By contrast, § 3632(d)(4)(D) focuses on the prisoner and omits the plural "offenses," signaling that Congress meant to identify classes of *prisoners* who may not earn time credits, rather than parse sentences into eligible and ineligible portions. *See, e.g.*, *Reynolds v. Eischen*, Civ. No. 24-2956 (LMP/DJF), 2025 WL 1095943, at *4 (D. Minn. Mar. 11, 2025) (emphasis in original), report and recommendation adopted, 2025 WL 1095067 (D. Minn. Apr. 11, 2025) ("[T]he text of Section 3632(d)(4)(D) at least suggests the sentence is intended to preclude certain *prisoners* from earning FSA credits and not . . . certain *sentences*.").

Finally, that interpretation is in harmony with the general design of the statute. The BOP applies § 3584(c) to treat consecutive or concurrent sentences as a single, aggregated term for all prisoners serving multiple terms of imprisonment. It uses that

5

aggregated term as the basis for calculating sentence credits and determining FSA eligibility. Requiring the BOP to disaggregate those sentences for each count would force continual recalculations as prisoners complete portions of their terms, creating administrative complexity inconsistent with Congress's instruction that multiple sentences be treated as one "for administrative purposes." The BOP's reading avoids that result and provides an administrable rule consistent with both text and purpose.

Accordingly, even applying *Loper Bright*'s best-reading standard rather than agency deference, the BOP's approach to aggregate sentences under §§ 3584(c) and 3632(d)(4)(D) is the sounder interpretation of the law.

### C. Consistency with Circuit and District Authority

This interpretation aligns with how other courts address the issue in practice. Although the Eighth Circuit has not yet published a decision on the question, its unpublished opinions— *Tyler v. Garrett*, Civ. No. 24-1147, 2024 WL 5205501 (8th Cir. Dec. 24, 2024), and *Clinkenbeard v. Murdock*, Civ. No. 24-3127 (JRT/LIB), 2025 WL 926451 (8th Cir. Mar. 27, 2025)—each affirm that when a prisoner serves an aggregated sentence containing both eligible and ineligible convictions, the entire term is treated as ineligible for First Step Act credits.

District courts within this Circuit have followed the same approach, including in *Clinkenbeard*, 2024 WL 4355063, and *Reynolds*, 2025 WL 1095943. This consistent body of decisions reflects not deference to the BOP's view but a convergence around the same textual reading that is reached independently here.

This Court recognizes that one decision in this District reached a different conclusion. *See Hill v. King*, Civ. No. 23-1365 (KMM/JFD), 2025 WL 1020604 (D. Minn. Oct. 7, 2024). But that case was materially different. There, the magistrate judge found that the BOP's application of § 3584(c) to a two-month ineligible term attached to a much longer eligible sentence produced an "absurd" result. *Id.* at *7. That case involved an extraordinary disparity—an ineligible term constituting less than two percent of the total sentence, imposed years later and for unrelated conduct. Davis's convictions arose from the same criminal episode and were sentenced together as part of a single judgment, with the § 924(c) firearm offense forming an integral component of the overall sentence. The reasoning in *Hill*, which turned on the outlier facts and invoked the canon against absurdity, does not apply here.

The district judge in *Hill* declined to accept the Report and Recommendation largely because of the Eighth Circuit's opinion in *Tyler v. Garrett*, which had not yet been issued when the Report and Recommendation was written. *Hill*, 2025 WL 1020604, at *5. And, on a unified record like the one here, treating the aggregated term as a single ineligible sentence is both textually sound and administratively coherent.

D. **Use of Unpublished and Out-of-Circuit Caselaw**

Davis objects specifically to the R&R's reliance on *Clinkenbeard* and *Tyler*, two unpublished Eighth Circuit opinions: *Clinkenbeard*, 2025 WL 926451, and *Tyler*, 2024 WL 5205501. He also points out that the petitioners in both cases were pro se and so "did not seriously raise or advance the intricate and statutory arguments that prove Mr. Davis's reading of the statute to be the correct one." (Obj. at 7.)

7

The Eighth Circuit has noted that unpublished opinions "are not binding precedent, . . . but are . . . relevant insofar as they have 'persuasive value[.]'" *White v. Nat'l Football League*, 756 F.3d 585, 594–95 (8th Cir. 2014); *see also see* 8th Cir. R. 32.1A. And in another similar case on § 3632(d)(4)(D) and sentence aggregation, District Judge Menendez acknowledged that "[t]he degree to which unpublished opinions are binding precedent in the Eighth Circuit is somewhat unclear." *Hill*, 2025 WL 1020604, at *5 n.3.

Ultimately, however, the "writing on the wall" regarding the Eighth Circuit's present position on this issue cannot be ignored. *Id.* at *5. When faced with the very same question—whether the BOP may deny the ability to earn FTCs from a prisoner serving an aggregated sentence that includes a sentence for an ineligible conviction—the Eighth Circuit has consistently held the answer is yes.

Davis asserts that the persuasiveness of the Eighth Circuit opinions is diminished because both *Clinkenbeard* and *Tyler* were brought by pro se petitioners, not more sophisticated attorneys. But this argument overlooks the well-reasoned and detailed analysis undertaken by the district court—and affirmed by the Eighth Circuit—in *Clinkenbeard*, 2024 WL 4355063.

The facts in *Clinkenbeard* align closely to the facts here. Like Davis, the petitioner was serving an aggregated sentence comprising of time for a conviction eligible for FTC (distribution of a controlled substance) and time for a conviction ineligible for FTC (using a firearm during and in relation to a drug trafficking crime). *Id.* at *1. And, like Davis, the *Clinkenbeard* petitioner argued he was eligible to earn time credits while

8

serving the time specific to his eligible conviction. *Id.* at *2. There, the court considered the statutory language, the effect of *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), legislative history, and non-binding case law to ultimately agree with the Government and hold that the petitioner was ineligible to earn good time credits. *Id.* at *5–6.

Finally, Davis objects to the R&R's reference to out-of-circuit caselaw. This objection similarly fails. The R&R's use of *Giovinco v. Pullen*, 118 F.4th 527, 529 (2d Cir. 2024), an out-of-circuit decision that issued a similar finding in an analogous matter, hardly amounts to allowing the decision "to dictate the outcome" here. (*See* Obj. 12.) Rather, *Giovinco* is acknowledged to illustrate that the Eighth Circuit's holdings on the issue have analogues in other courts while Davis's proposed interpretation of the statute has none. Even so, the use of "non-binding authority from other courts on th[e] issue" is "fully in accord with standard legal practice, in which non-binding legal authority may be cited for its persuasive value, particularly in the absence of binding legal precedent on the issue in question." *Bar-Meir v. Univ. of Minn.*, Civ. No. 10-936, 2012 WL 2402849, at *1 (D. Minn. June 26, 2012).

## CONCLUSION

Although, as Davis points out, the Eighth Circuit has not yet engaged in a detailed analysis of the issue, the mosaic comprising of caselaw coming from this District, the Eighth Circuit, and out-of-circuit courts all "point[] in the same direction . . .: prisoners who are serving an aggregate sentence made up of eligible and ineligible convictions are ineligible to earn good time credits under the First Step Act." *Clinkenbeard*, 2024 WL

9

4355063, at *5. By accepting the R&R, this Court adopts the interpretation supported by the statute's plain language, and that has been consistently approved by other courts in this District and upheld by the Eighth Circuit. *See, e.g.*, *Gunderson v. Fed. Med. Ctr., Rochester*, Civ. No. 23-423 (JMB/DLM), 2025 WL 1827734, at *5 (D. Minn. May 30, 2025), report and recommendation adopted, 2025 WL 1826270 (D. Minn. July 2, 2025); *Reynolds*, 2025 WL 1095943, at *3–6, report and recommendation adopted, 2025 WL 1095067 (D. Minn. Apr. 11, 2025). The R&R is neither clearly erroneous nor contrary to law. Based on that review, and in consideration of the applicable law, the R&R is accepted in its entirety.

### ORDER

Based on the foregoing, and the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner Jeramy Davis's Objections to the May 20, 2025, Report and Recommendation (Doc. No. 24) are **OVERRRULED**;

2. The May 20, 2025 Report and Recommendation (Doc. No. 24) is **ACCEPTED**; and

3. Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: October 29, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge